## W. & J. W. BIRDWELL v. J. R. COX.

The alleged agreement (of counsel, to continue the cause) not being in writing, and the counsel differing as to the existence of such agreement, the Court very properly refused to grant a new trial on that ground.

But if the agreement in this case, were admitted, no sufficient excuse was shown for not having made it the ground of an application for a continuance.

Error from Walker. Tried below before the Hon. Peter W. Gray.

Suit by defendant in error against plaintiffs in error on a promissory note. Plea of failure of consideration. There was an affidavit by defendants, for a continuance on the ground that a commission to take the depositions of certain witnesses in Tennessee, had not been returned. But it did not appear that any order was made on it, or that it was called to the attention of the Court. Verdict and judgment for plaintiff. Motion for new trial, in support of which the following affidavits were filed :

That defendants were forced into trial when they had a suf-

ficient ground of continuance but were not aware of it nor did not learn it until after the verdict was rendered ; in support of this these defendants make the following statement, to-wit: These defendants employed W. D. Schoolfield, an attorney of this Court to defend said suit ; he entered upon the duties of said contract, and was instructed by these defendants as to the importance of having the deposition of the witnesses cross-interrogated by them and referred to in motion for continuance at this Court; that said Schoolfield made an agreement with A. M. Branch one of the attornies of plaintiff, that said suit should not be tried until said depositions were returned.  In the meantime a difficulty sprung up between said Schoolfield and one of these defendants which prevented any intercourse between them, which was the cause of these defendants not knowing the agreement and arrangement existing.  These defendants have no hesitation in saying that they believe said attorney was prevented from taking the deposition of witnesses referred to in motion for continuance, by said agreement. These defendants believe that the depositions referred to in said motion are material to the accomplishment of justice in said suit.  Wherefore these defendants say they have been forced into trial contrary to an existing agreement between counsel, which prevented the then counsel of these defendants from taking such steps as would have insured the having said deposition here at this Term and before the trial and they therefore ask that the verdict be set aside and a new trial be granted to them.  The affidavit of W. D. Schoolfield is herewith filed and made a part of this motion.

I, W. D. Schoolfield, do hereby solemnly swear that I was employed to defend the defendants in the case, Cox v. W. & J. W. Birdwell, as their attorney ; that, during the time that I was acting as attorney aforesaid, I entered into an understanding with A. M. Branch, one of the attorneys of plaintiff, not to try the aforesaid cause until the interrogatories and cross-interrogatories, with their answers, were returned from Ten-

nessee.  Said depositions were referred to in motion for continuance at this Term ; that he is not now, and was not at the time of the making of motion for continuance, the attorney for said defendants.

The suit was brought to Spring Term, 1855.  The commission to take depositions referred to was issued in July, and the trial took place in October, 1855.

The showing on the motion for new trial, was not presented in the form of a bill of exceptions, and it could not be known, therefore, what answer, if any, the plaintiff made to the application ; but the entry overruling the motion, was as follows :

In this cause, the motion for new trial coming on to be heard, the agreement of counsel, referred to in motion, not being in writing, and there appearing to be a misunderstanding between the counsel as to any agreement to the effect of the one described in motion and the affidavit of one of the counsel, ever having been made, and the same being denied, thereupon the motion for new trial was overruled.

*W. A. Leigh*, for plaintiffs in error.

*A. M. Branch*, for defendant in error.

WHEELER, J.  The alleged agreement not being in writing, and the counsel differing as to the existence of such agreement, the Court very properly refused to grant a new trial on that ground.  Agreements of counsel, respecting the disposition of causes, which are merely verbal, are very liable to be misconstrued or forgotten, and to beget misunderstandings and controversies ;  and hence there is great propriety in the rule which requires that all agreements of counsel respecting their causes shall be in writing, and if not, the Court will not enforce them.  They will then speak for themselves, and the Court can judge of their import, and proceed to act upon them with safety.  The rule is a salutary one, and ought to be adhered to whenever counsel disagree as to what has transpired between them.

But if the agreement in this case were admitted, no suffi-cient excuse was shown for not having made it the ground of an application for continuance. The defendants having suf-fered their cause to proceed to trial when they were not pre-pared, in consequence of a misunderstanding between them-selves and their counsel, can not afford them a ground for a new trial. There is no error in the judgment and it is affirmed.

Judgment affirmed.