MIXSON et al. v. KIRBY LUMBER CO. et al.
(No. 1570.)

Court of Civil Appeals of Texas. Beaumont. July 14, 1927. On the Merits, Sept. 22, 1927.

Rehearing Denied Oct. 19, 1927.

1. Appeal and error ⬤⟹376—Plaintiffs' appeal will be dismissed, unless bond payable to impleaded warrantor, as well as original defendants, is filed (Rev. St. 1925, art. 7368).

Defendant's warrantor, impleaded in trespass to try title, being a party defendant, adversely interested to plaintiffs, under Rev. St. 1925, art. 7368, plaintiffs' appeal will be dismissed, unless appeal bond payable to warrantor, as well as original defendants, is filed.

On the Merits.

2. Appeal and error ⬤⟹767(1)—Appellants' brief will not be stricken on motion of appellees filing briefs before submission.

Motion to strike appellants' brief is without merit as to appellees filing briefs before submission, regardless of shortness of time in which prepared and filed; rules for briefing being intended only to insure parties their day in court.

3. Appeal and error ⬤⟹767(1)—Appellants' brief, not served on impleaded warrantor without actual notice of its filing in time to answer, will be stricken on latter's motion.

Appellants' brief, not served on or delivered to impleaded warrantor, which was without actual notice of filing thereof in time to answer, will be stricken on latter's motion; burden of defense resting primarily on it.

4. Appeal and error ⬤⟹767(1)—Striking of appellants' briefs as to appellee not served takes them out of case, though other appellees filed briefs before submission.

Striking of appellants' briefs on motion of impleaded warrantor, not served therewith, nor actually notified of its filing in time to answer, takes them out of case as completely as if like motions of other appellees, which filed briefs before submission, were sustained.

On Rehearing.

5. Appeal and error ⬤⟹835(2)—That appellee, as to which appellants' briefs were stricken for want of service, was represented by counsel for another appellee, cannot be first raised on rehearing.

That impleaded warrantor, as to which plaintiffs' briefs on appeal were stricken for want of service was represented in trial court by counsel for appellee filing briefs before submission, cannot be first raised on rehearing, where appellants' counsel was given notice before submission that motions to dismiss brief were pending.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Trespass to try title by J. I. Mixson and others against the Kirby Lumber Company and another, in which the named defendant inpleaded the Texas & New Orleans Railroad Company. Judgment for defendants, and plaintiffs appeal. Affirmed.

John B. Warren, of Houston, for appellants.

Andrews, Streetman, Logue & Mobley and Baker, Botts, Parker & Garwood, all of Houston, and F. J. & C. T. Duff, and A. M. Huffman, all of Beaumont, for appellees.

WALKER, J. [1] This was a suit in trespass to try title instituted by appellants as plaintiffs against appellees the Kirby Lumber Company and Peavy-Moore Lumber Company. Appellee Kirby Lumber Company, impleaded its warrantor, Texas & New Orleans Railroad Company. Upon a trial to a jury, verdict was instructed in favor of appellees. From the judgment entered on that verdict, appellants prosecute their appeal by executing and filing an appeal bond payable only to appellees Kirby Lumber · Company and Peavy-Moore Lumber Company. The bond was not payable to the Texas & New Orleans Railroad Company. The obligees in the bond in their brief have moved to dismiss the appeal because of the failure on the part of appellants to make the Texas & New Orleans Railroad Company a party to its bond. This motion must be sustained. Under article 7368, Revised Statutes 1925, the warrantor, Texas & New Orleans Railroad Company, was a party defendant, adversely interested to appellants, and the bond should have been made payable to it also. Appel v. Childress, 53 Tex. Civ. App. 607, 116 S. W. 130; Guevara v. Guevara (Tex. Civ. App.) 249 S. W. 525; Dixon v. Green (Tex. Com. App.) 285 S. W. 813. Appellants will be given 15 days from the entry of this order in which to file a proper appeal bond. Unless such bond is filed, the order of dismissal will at that time be made final.

On the Merits.

By an opinion filed herein on the 14th day of July, this term, we dismissed this appeal on the ground that appellant's bond was insufficient, in that it was not payable also to the warrantor, Texas & New Orleans Railroad Company. This opinion was rendered after the case had been regularly submitted on the 23d day of June, this term, upon its due call on our docket. A proper bond having been tendered within the time allowed by the order of dismissal, and under our orders approved and filed by our clerk, the order of ⬤

dismissal is set aside and the case reinstated as under the original submission.

All the appellees have filed motions to strike appellants' brief. The following are the facts of their motions: This case was filed in this court on April 12, 1927. On April 20, 1927, it was set for submission on June 16, 1927. On April 27, 1927, submission thereof was postponed to June 23, 1927. Counsel for appellants withdrew the record for briefing, according to the records of the clerk of this court, on May 25, 1927. He furnished counsel for appellees Peavy-Moore Lumber Company and Kirby Lumber Company a copy of his brief about noon on June 10, 1927, and was given the following receipt by counsel for these appellees:

"We, the undersigned attorneys for appellee in the above case, in the honorable Court of Civil Appeals, at Beaumont, this day acknowledge receipt from Mr. John B. Warren of brief in the above case without waiving any rights on the part of our clients, statutory or otherwise, as to the filing of such brief, either as to place or time."

Appellants filed their brief herein on the 10th day of June, but filed no brief in the trial court. Appellee Texas & New Orleans Railroad Company was not furnished with a copy of appellants' brief before submission, and had no actual notice of the filing of the brief until the 14th day of June, and filed no brief. This appellee makes an affirmative showing of injury, in that it did not have an opportunity to brief the case, and as warrantor it carried the burden of the defense.

[2] Appellees Peavy-Moore Lumber Company and Kirby Lumber Company filed briefs before submission. Having, in fact, briefed their case, the motion to strike as to Peavy-Moore Lumber Company and Kirby Lumber Company is without merit. The rules for briefing are to insure the parties their day in court, and when that right is given them, and appellees, in fact, prepare and file a brief, the spirit of the rules has been fully met, regardless of the shortness of the time in which the brief was prepared and filed.

[3, 4] But appellee Texas & New Orleans Railroad Company has not had its day in court. The case is important, involves a large record, and was fully briefed by the appellants. The burden of the defense rested primarily upon this appellee. No brief was served upon it or delivered to it, and it had no actual notice of the filing of the brief within time to answer. Appellants filed no motion to withdraw their submission, and we must consider this appeal as originally submitted. On this showing the motion to strike as to appellee Texas & New Orleans Railroad Company is good. This action takes the briefs out of the case as completely as if the motions of the other appellees had been sustained. Yardley v. Houston Oil Co. (Tex. Civ. App.) 288 S. W. 861.

There being no briefs before us, and an examination of the record, under the assignments advanced by appellants, not disclosing any fundamental error, the judgment of the trial court is in all things affirmed.

### On Rehearing.

[5] Supplementing their motion for rehearing, appellants have filed an affidavit by their attorney to the effect that appellee Texas & New Orleans Railroad Company was represented in the trial court by counsel for the Kirby Lumber Company. Counsel for the Kirby Lumber Company and Texas & New Orleans Railroad Company have filed controverting affidavits. It is too late to raise this point. Appellants' counsel was given notice before the submission of this case that motions to dismiss his brief were pending before us. Any facts going to meet those motions should have been duly submitted. That was not done. We have already written two opinions in this case, one dismissing the appeal for want of necessary parties, and the other striking out appellants' briefs and affirming the judgment of the trial court on the record. Diligence required that appellants meet the issues raised by the motions to strike before the submission of the case.

The motion for rehearing is overruled.