KNAPP MEDICAL CENTER,
Petitioner,

v.

Javier E. DE LA GARZA and Javier
E. De La Garza, M.D., P.A.,
Respondents.

No. 06–0575.

Supreme Court of Texas.

Nov. 2, 2007.

Rehearing Denied Dec. 14, 2007.

Humberto G. Garcia, Curney, Garcia, Farmer, Pickering & House, P.C., San Antonio, Miguel David Wise, Weslaco, and Richard P. Hogan Jr., Jennifer Bruch Hogan, Hogan & Hogan, L.L.P., David Mark Goldberg, Pillsbury Winthrop Shaw Pittman LLP, Houston, TX, Petitioner.

Ramon Garcia, Sonia I. Lopez, Law Offices of Ramon Garcia, P.C., Edinburg, and Rene B. Gonzalez, Attorney At Law, Brownsville, Kevin H. Dubose, Alexander Dubose Jones & Townsend LLP, Houston, TX, for Respondent.

PER CURIAM.

In this case, we must decide whether Texas Rule of Civil Procedure 11 bars enforcement of a disputed oral settlement agreement. Rule 11 requires that agreements between attorneys or parties touching any pending suit be in writing, signed and filed of record, or be made in open court and entered of record as a condition to enforcement. The court of appeals found the rule to be no impediment when it affirmed a trial court judgment for damages in contract and fraud arising out of an oral settlement dispute. 2006 WL 1431224. Because the court's judgment is contrary to the requirements of Rule 11, we reverse and render.

Dr. Javier De La Garza, M.D., sued Knapp Medical Center, a hospital in Weslaco, for defamation, business disparagement, interference with business relations, and civil conspiracy. The case went to trial in September, 2000. During that trial, De La Garza's attorney offered to settle the case for the hospital's insurance policy

limits of $1,000,000. When this settlement demand was made, De La Garza's attorney understood that the hospital would contribute an additional $200,000 to the settlement. After making the policy limits demand, he learned that the hospital did not plan to contribute to the settlement, but that the insurer had agreed to settle for the $1,000,000 policy limits.

During recorded proceedings held just before jury arguments on September 15, 2000, De La Garza's attorney, Ramon Garcia, explained to the court that he had offered to settle for the policy limits based upon his understanding that the hospital would contribute $200,000, and that he was now in a quandary as to what should be done because of the hospital's disagreement with that understanding. The hospital's attorney, Rex Leach, acknowledged that the insurer had agreed to settle the case for policy limits. He further acknowledged that an additional contribution from the hospital had been discussed, but that no agreement had been reached and that the hospital would, in fact, not contribute anything further to the settlement. Despite the disagreement about what had been promised, De La Garza agreed on the record to settle the underlying claims for $1,000,000, while purporting to reserve his right to collect an additional $200,000 from the hospital in another lawsuit. The court accepted the agreement and discharged the jury. De La Garza thereafter signed a Release, acknowledging the settlement funds as complete satisfaction of the claims asserted in the underlying litigation.

De La Garza then sued the hospital for the disputed $200,000, alleging fraud and breach of an oral agreement that pre-dated the September 15 hearing at which the settlement terms were dictated into the record and accepted by the court. A bench trial ensued with the trial court rendering judgment for De La Garza's damages and attorney's fees. The hospital appealed this judgment, contending that Rule 11 barred De La Garza's claims because they were based on an alleged oral settlement agreement. Instead of addressing this Rule 11 argument, the court

of appeals concluded that the parol testimony of one of the attorneys was sufficient to support the existence and breach of the settlement agreement, and affirmed the trial court's judgment. 2006 WL 1431224, at *2. We, however, agree with the hospital's unaddressed argument below that the failure to comply with Rule 11 bars the present claims.

■ As we said in *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex.1984): "Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits." The rule provides, with certain exceptions not relevant here, that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be make in open court and entered of record." Tex.R. Civ. P. 11. The rule has long been a part of Texas jurisprudence. *See Kennedy*, 682 S.W.2d at 526–28 (discussing rule's origins). One hundred and fifty years ago, we recognized the wisdom of eschewing the verbal agreements of counsel in favor of written ones, noting that the vicissitudes of memory would otherwise "beget misunderstandings and controversies." *Birdwell v. Cox*, 18 Tex. 535, 537 (1857). The rule continues to be an effective tool for finalizing settlements by objective manifestation so that the agreements "do not themselves become sources of controversy." *Kennedy*, 682 S.W.2d at 530. In short, settlement agreements "must comply with Rule 11 to be enforceable." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995).

■ The trial court's findings of fact included a finding that the parties' oral settlement agreement was read into the record of the court on September 15, 2000. The record conclusively shows, however, that there was no agreement between the parties to settle the lawsuit for any amount other than the $1,000,000 policy limits. Because the hospital's alleged agreement to contribute an additional $200,000 to set-

tle the underlying suit was neither in writing nor made in open court and entered of record, it is not enforceable. The court of appeals' judgment to the contrary conflicts both with Rule 11 and our decision in *Kennedy v. Hyde.* Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1, we grant the petition for review, and, without hearing oral argument, we reverse the court of appeals' judgment and render judgment that De La Garza take nothing.

## ON MOTION FOR REHEARING

On rehearing, Dr. De La Garza complains that our opinion fails to address his alternative theory of recovery based on fraud. Under this theory, De La Garza contends that the hospital's representation that it would contribute $200,000 to settle his claim fraudulently induced him to make a written Stowers demand on the hospital's insurer to settle for policy limits. He further submits that his judgment against the hospital for $200,000 is fully supported by the trial court's findings of fact and conclusions of law on fraud. Thus, De La Garza concludes that, even if the hospital's oral agreement to contribute to the settlement cannot be enforced, he is nevertheless entitled to the benefit of this bargain under the alternative theory. We disagree.

Texas Rule of Civil Procedure 11 is essentially a "statute of frauds" for settlement agreements. *See* 7 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 102.02[5](2007). We have previously rejected attempts to "use a fraud claim essentially to enforce a contract the Statute makes unenforceable" as an improper circumvention of the statute's purpose. *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex.2001); *see also Nagle v. Nagle*, 633 S.W.2d 796, 801 (Tex.1982). Thus, we have held that "the Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds." *Haase*, 62 S.W.3d at 799. Similarly, a fraud claim cannot be used to circumvent Rule 11 in this manner

and thereby enforce an otherwise unenforceable settlement agreement.

Dr. De La Garza's motion for rehearing is overruled.