

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-422-CV

HIEN KHAC VU                                                                 APPELLANT

V.

VICKY MONG NGUYEN AND                                              APPELLEES
TAMMY MONG NGUYEN

------------

FROM THE 325th DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In two issues, Appellant Hien Khac Vu ("Vu") asserts error on the part of

the trial court in entering an Agreed Final Decree of Divorce based on a Rule 11

agreement to which Vu allegedly did not consent, and in denying Vu's Motion

for New Trial, again based on the Rule 11 agreement to which he did not

---

[1] *See* TEX. R. APP. P. 47.4.

consent.  Vicki Nguyen and Tammy Nguyen have not filed a response in this appeal.

## II.  Factual and Procedural Background

It is appropriate in this case to create a time line of events, which is as follows:

| | |
|---|---|
| February 22, 2005 | Wife Vicki Nguyen files for divorce, represented by Joseph Bui. |
| April 11, 2005 | Husband Hien Khac Vu answers, represented by Philip Nguyen. |
| February 8, 2006 | Intervenor and sister of wife Tammy Nguyen files intervention, represented by Joseph Bui. |
| July 19, 2006 | Rule 11 Settlement Agreement signed by Joseph Bui and Philip Nguyen, and faxed filed with the Court. |
| July 20 or 21, 2006 | According to Bui, he informs the Court's bailiff that the case is settled—apparently Judge is not informed. |
| July 26, 2006 | Case dismissed for want of prosecution. |
| July 31, 2006 | Vu instructs Philip Nguyen to stop work on his case and send the file to his new attorney, Tammy Tran. |
| July 31, 2006 | Tammy Tran instructs Philip Nguyen to stop all activity in the case, as she is Vu's new counsel. |

| | |
|---|---|
| August 1, 2006 | Tammy Tran notified Joseph Bui of change of counsel. |
| August 1, 2006 | Joseph Bui filed Motion to Enter Final Decree of Divorce. |
| August 1, 2006 | Petitioner and Intervenor's Motion to Reinstate filed by Joseph Bui, served by fax on Philip Nguyen.[2] |
| August 3, 2006 | New divorce petition filed for Vu by Tran. |
| August 4, 2006 | Joseph Bui notified Philip Nguyen of August 24, 2006 hearing on Motion to Reinstate and Enter Final Decree of Divorce. |
| August 24, 2006 | Order Granting Motion to Reinstate signed. Agreed Final Decree of Divorce signed and approved by Vicki Nguyen and Tammy Nguyen. Approved as to form by Joseph Bui and Philip Nguyen.[3] |
| September 23, 2006 | Opposed Motion for New Trial filed by Tammy Tran and Robert Clark, attorneys for Vu. |
| November 17, 2006 | Notice of Appeal filed. |
| November 30, 2006 | Motion for New Trial denied. |

---

[2] The exact sequence of the three August 1, 2006 communications and filings is unclear.

[3] It appears that this signature was sent and received by fax on July 24, 2006.

According to the affidavit of Vu filed in connection with his Opposed Motion for New Trial, he never agreed with the Agreed Final Decree of Divorce faxed to him on July 24, 2006 by his previous attorney, Philip Nguyen. He informed Nguyen that he did not agree and refused to sign the Rule 11 agreement in connection therewith, and this was the reason that he stopped Philip Nguyen from taking any further action in the case and hired Tammy Tran. According to the same motion, Ms. Tran did not substitute into the case as Vu's attorney because when she contacted the court following her communication with Vu, she learned that the case had been dismissed a few days before and that no Motion to Reinstate had been filed, which is also why the new petition for divorce was filed by her on Vu's behalf on August 3, 2006.

### III. Analysis

In both of his issues, Vu complains that the trial court's error was based on his lack of consent to the provisions of the Rule 11 agreement which was the basis for entering the agreed final decree of divorce and the denial of his motion for new trial.

An out-of-court Rule 11 agreement may be between the attorneys or parties, must be in writing, signed, and filed with the court as part of the record of the court. TEX. R. CIV. P. 11. Such a rule has existed since 1840, with the

4

filing requirement being in existence since 1877.  *See Kennedy v. Hyde*, 682 S.W.2d 525, 526 (Tex. 1984).

> As we said in *Kennedy,* "Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits."  The rule provides, with certain exceptions not relevant here, that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."  TEX. R. CIV. P. 11.  The rule has long been a part of Texas jurisprudence.  One hundred and fifty years ago, we recognized the wisdom of eschewing the verbal agreements of counsel in favor of written ones, noting that the vicissitudes of memory would otherwise "beget misunderstandings and controversies."  The rule continues to be an effective tool for finalizing settlements by objective manifestation so that the agreements "do not themselves become sources of controversy."  In short, settlement agreements "must comply with Rule 11 to be enforceable."

*Knapp Med. Ctr. v. De La Garza*, 238 S.W.3d 767, 768 (Tex. 2007) (citations omitted).  The purpose of a Rule 11 agreement is to avoid disputes over the terms of oral settlement agreement.  *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995).  If consent to settle is withdrawn by a party, the filing, to be effective, does not have to occur before consent is withdrawn, but only before it is sought to be enforced.  *Id.*  Such an agreement can be signed by either the party or the party's attorney.  *Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 297 (Tex. App.—Austin 2000, pet. denied).

It appears in this case that these signing and filing requirements were met with the Rule 11 agreement in question. However, evidence was adduced at the Opposed Motion for New Trial hearing that consent had been withdrawn prior to judgment and that Vu's attorney was so informed. When consent is withdrawn, a court cannot enter a valid agreed judgment, but is not precluded, after notice and hearing from enforcing a Rule 11 agreement even though one side does not consent to the agreement. *Id*. Examples of these include *Quintero v. Jim Walters Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983); *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951). Both cases involve the reversal of an agreed judgment entered by the trial court accompanied by the observation that the reversal was without prejudice to the rights of the reversed party to plead and prove an enforceable settlement agreement, and as noted in the *Burnaman* case, the right of a client to prove that his attorney did not have the authority to enter into such an agreement. *Jim Walters Homes*, 652 S.W.2d at 444; *Burnaman*, 240 S.W.2d at 291.

We hold that the trial court abused its discretion in failing to grant the opposed motion for new trial when confronted with uncontradicted evidence that Vu had withdraw his consent, if indeed such consent existed, prior to the entry of the agreed judgment.

6

### IV. Conclusion

Having sustained Vu's second issue, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.


                          BOB MCCOY
                          JUSTICE

PANEL B:   GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: April 24, 2008

7