

**NUMBER 13-06-429-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**HERLINDA LUMBRERAS,** **Appellant,**

**v.**

**PASCUAL ROCHA, JR.,** **Appellee.**

---

**On appeal from the 103rd District Court of Cameron County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Benavides, and Wittig[1]**
**Memorandum Opinion by Justice Wittig**

With no hearing set, the trial court sua sponte entered judgment on April 24, 2006.

Appellant, Herlinda Lumbreras, complains, *inter alia*, that: (1) the trial court erred by

---

[1]Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

entering the judgment without any evidence; (2) there was no basis for the judgment; (3) no motion to enter the judgment was pending; and (4) specific performance was impossible for lack of a legally sufficient property description.  We reverse and remand.

## I. Motion to Strike Amended Brief

Appellee, Pascual Rocha, Jr., did not respond to appellant's original brief, which was filed on December 22, 2006.  Thereafter appellant amended her brief on January 3, 2007.  On June 13, 2008, some seventeen months later, appellee filed a motion to strike the amended brief, or alternatively a motion for leave to file an out-of-time brief, claiming lack of notice.  No proposed brief accompanied the motion to strike.

Appellee cites only to *Mixson v. Kirby Lumber Co.*, 298 S.W. 476, 477 (Tex. Civ. App. 1927, writ dism'd).  There, no brief was served upon one of the defendants or delivered to it, and it had no actual notice of the filing of the brief within time to answer.  Here, appellee does not assert it was not served with appellant's original brief.  Appellant complied with Texas Rule of Appellate Procedure 9.5 by properly certifying service of her amended brief on December 29, 2006.  *See* TEX. R. APP. P. 9.5.  Appellee's motion to strike is not accompanied by an affidavit or other proof of lack of service.  Further, we find no substantive differences between appellant's briefs, other than the addition of four documents to the appendix, all of which are contained the clerk's record.  Because appellee had actual notice of appellant's original brief and waited seventeen months before making any complaint, his motion to strike is denied, as is his motion for leave to file an out-of-time brief.  *See id.*

## II.  No Basis for Judgment

Appellant complains the trial court sua sponte entered judgment without a legal vehicle by which to grant the "Order of Judgment."  Appellant contends that appellee did not file a motion for summary judgment and that the trial court did not hold an evidentiary hearing, or enter any findings of the court, upon which to base a judgment.

As appellant points out, the only possible basis for entry of the judgment was the attempted settlement hearing of June 3, 2004.  However, after the hearing, appellant filed a motion for summary judgment clearly indicating appellant's lack of consent to any agreed judgment.  By letter dated June 21, 2004, appellant personally notified the court of her discontent, that there were "more findings on the case," and that she wanted a re-trial.  Finally, a hearing was held on December 10, 2004, which indicated the parties were in dispute over a survey and that the parties were still trying to resolve their differences over conditions of the settlement.  Counsel stated: "I think that his proposal of returning the money and everybody going status quo is probably the best thing and I have no objection to resetting this matter until there is a survey to everybody's satisfaction or that money is returned."  The record makes it obvious there was no consent to any judgment.

The judgment recites that it is based upon the June 3, 2004 hearing where "said agreement was read into the record and duly recorded by Sue Saenz, court reporter for the Court."  The judgment was not signed until April 25, 2006, some twenty months later.

## III.  Standard of Review

The power to render an agreed judgment depends upon the "substance of the consent" at the time judgment is rendered.  *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).  A party has the right to revoke his consent at any time

before the rendition of judgment. *Id.* (citing *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874 (Tex. 1982)). When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court. *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951).

> A better statement of the general rule is that Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits, including, but not limited to, agreed judgments. *Burnaman* stands for the proposition that, notwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered.

*Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984)*;* McDonald, *Texas Civil Practice in District and County Courts* § 17.22 (1971); *see also Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871 (1939) (holding that an agreement that fails to comply with the rule will not support a consent judgment). As a general rule, compliance with rule 11 is necessary but not sufficient for an agreed judgment. *Kennedy,* 682 S.W.2d at 529. The clear language of the rule indicates that compliance with rule 11 is a general prerequisite for any judgment enforcing an agreement touching a pending suit. *Id.*

## IV. No Agreed Judgment

First, we observe that at the June 3, 2004 hearing, the trial court did not render judgment as required by Texas Rule of Civil Procedure 11. *See* TEX. R. CIV. P. 11. Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *Samples*, 640 S.W.2d at 875; *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex. 1970). A rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matters submitted

4

to it for adjudication. *Buffalo Bag Co. v. Joachim,* 704 S.W.2d 482, 483 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.). At the conclusion of the rather disjointed and poorly articulated proceeding, the trial court indicated it would make a docket entry and further stated that, "I would assume that once everything has completed, that I'll get some sort of dismissal or - -" Counsel responded (interrupted): "A motion for a Nonsuit or something." Opposing Counsel agreed: "Absolutely." The court replied: "Nonsuit or whatever, okay. Thank you." Thus, no rendition of judgment was made, nor was any written memorandum filed with the clerk.

While the parties themselves filed a partial settlement memorandum the day after the June 3, 2004 hearing, the memorandum neither provided for execution of a deed nor is any mention made of specific performance as contained in the judgment. The written memo conflicts with the $4,700 payment described by the court in the hearing. Further, the gist of the hearing indicates that the matter would be concluded within thirty days. Presumably, appellee would complete his payments, and appellant would have provided appellee with some kind of deed, special, warranty, or otherwise. According to testimony at the hearing, counsel asked appellant: "[t]hat he pay and then you give him a deed?" Appellant replied: "I understand that, sir." The trial court itself indicated that there were further matters to accomplish within thirty days: "[T]he lawyers told me thirty days, that doesn't mean you can do it tomorrow, but within thirty days. . . ."

At least two matters were not mentioned at the hearing. First, there was no agreement for court-ordered specific performance. Second, there was no agreement that any "judgment" would be entered; the agreement was for a nonsuit or order of dismissal.

5

Because there was no agreement as to these two essentials of the judgment, either in writing or made in open court and entered of record, neither matter is enforceable as a matter of law. *Knapp Med. Ctr. v. De La Garza,* 238 S.W.3d 767, 768-69 (Tex. 2007).

We also note that neither counsel signed off on the so-called agreed judgment. The judgment did not evince the approval of counsel either as to substance or as to form—the usual and customary practice for agreed judgments.

### V. Conclusion

Because consent to a settlement or judgment, if any, was withdrawn, there was no legal or factual basis for entry of the agreed judgment. *Samples*, 640 S.W.2d at 875. The parties' agreement, if any, did not comply with rule 11 and was not enforceable. *Kennedy,* 682 S.W.2d at 529; *Knapp Med. Ctr.,* 238 S.W.3d at 768-69. We sustain appellant's first, second, and third issues. We decline to entertain appellant's final issue involving her no-evidence motion for summary judgment addressing the issue of the property description, because it has not been heard by the trial court. *See* TEX. R. APP. P. 47.1. We reverse and remand.

DON WITTIG,
Justice

Memorandum Opinion delivered and
filed this the 29th day of August, 2008.

6