NUMBER 13-06-429-CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HERLINDA LUMBRERAS, Appellant, 
 

 

v.


PASCUAL ROCHA, JR., Appellee.

 

On appeal from the 103rd District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Wittig (1)


Memorandum Opinion by Justice Wittig


 With no hearing set, the trial court sua sponte entered judgment on April 24, 2006. 
Appellant, Herlinda Lumbreras, complains, inter alia, that: (1) the trial court erred by
entering the judgment without any evidence; (2) there was no basis for the judgment; (3)
no motion to enter the judgment was pending; and (4) specific performance was impossible
for lack of a legally sufficient property description. We reverse and remand.

 I. Motion to Strike Amended Brief

 Appellee, Pascual Rocha, Jr., did not respond to appellant's original brief, which was 
filed on December 22, 2006. Thereafter appellant amended her brief on January 3, 2007. 
On June 13, 2008, some seventeen months later, appellee filed a motion to strike the
amended brief, or alternatively a motion for leave to file an out-of-time brief, claiming lack
of notice. No proposed brief accompanied the motion to strike.

 Appellee cites only to Mixson v. Kirby Lumber Co., 298 S.W. 476, 477 (Tex. Civ.
App. 1927, writ dism'd). There, no brief was served upon one of the defendants or
delivered to it, and it had no actual notice of the filing of the brief within time to answer. 
Here, appellee does not assert it was not served with appellant's original brief. Appellant
complied with Texas Rule of Appellate Procedure 9.5 by properly certifying service of her
amended brief on December 29, 2006. See Tex. R. App. P. 9.5. Appellee's motion to
strike is not accompanied by an affidavit or other proof of lack of service. Further, we find
no substantive differences between appellant's briefs, other than the addition of four
documents to the appendix, all of which are contained the clerk's record. Because
appellee had actual notice of appellant's original brief and waited seventeen months before
making any complaint, his motion to strike is denied, as is his motion for leave to file an
out-of-time brief. See id.

 

II. No Basis for Judgment

 Appellant complains the trial court sua sponte entered judgment without a legal
vehicle by which to grant the "Order of Judgment." Appellant contends that appellee did
not file a motion for summary judgment and that the trial court did not hold an evidentiary
hearing, or enter any findings of the court, upon which to base a judgment. 

 As appellant points out, the only possible basis for entry of the judgment was the
attempted settlement hearing of June 3, 2004. However, after the hearing, appellant filed
a motion for summary judgment clearly indicating appellant's lack of consent to any agreed
judgment. By letter dated June 21, 2004, appellant personally notified the court of her
discontent, that there were "more findings on the case," and that she wanted a re-trial. 
Finally, a hearing was held on December 10, 2004, which indicated the parties were in
dispute over a survey and that the parties were still trying to resolve their differences over
conditions of the settlement. Counsel stated: "I think that his proposal of returning the
money and everybody going status quo is probably the best thing and I have no objection
to resetting this matter until there is a survey to everybody's satisfaction or that money is
returned." The record makes it obvious there was no consent to any judgment.

 The judgment recites that it is based upon the June 3, 2004 hearing where "said
agreement was read into the record and duly recorded by Sue Saenz, court reporter for the
Court." The judgment was not signed until April 25, 2006, some twenty months later.

 III. Standard of Review

 The power to render an agreed judgment depends upon the "substance of the
consent" at the time judgment is rendered. Quintero v. Jim Walter Homes, Inc., 654
S.W.2d 442, 444 (Tex. 1983). A party has the right to revoke his consent at any time
before the rendition of judgment. Id. (citing Samples Exterminators v. Samples, 640
S.W.2d 873, 874 (Tex. 1982)). When a trial court has knowledge that one of the parties
to a suit does not consent to a judgment, the trial court should refuse to sanction the
agreement by making it the judgment of the court. Burnaman v. Heaton, 240 S.W.2d 288,
291 (Tex. 1951). 

 A better statement of the general rule is that Rule 11 is a minimum
requirement for enforcement of all agreements concerning pending suits,
including, but not limited to, agreed judgments. Burnaman stands for the
proposition that, notwithstanding a valid Rule 11 agreement, consent must
exist at the time an agreed judgment is rendered.


Kennedy v. Hyde, 682 S.W.2d 525, 529 (Tex. 1984); McDonald, Texas Civil Practice in
District and County Courts § 17.22 (1971); see also Matthews v. Looney, 132 Tex. 313,
123 S.W.2d 871 (1939) (holding that an agreement that fails to comply with the rule will not
support a consent judgment). As a general rule, compliance with rule 11 is necessary but
not sufficient for an agreed judgment. Kennedy, 682 S.W.2d at 529. The clear language
of the rule indicates that compliance with rule 11 is a general prerequisite for any judgment
enforcing an agreement touching a pending suit. Id. 

 IV. No Agreed Judgment

 First, we observe that at the June 3, 2004 hearing, the trial court did not render
judgment as required by Texas Rule of Civil Procedure 11. See Tex. R. Civ. P. 11. 
Judgment is rendered when the trial court officially announces its decision in open court
or by written memorandum filed with the clerk. Samples, 640 S.W.2d at 875; Comet
Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex. 1970). A rendition of judgment is the
pronouncement by the court of its conclusions and decision upon the matters submitted
to it for adjudication. Buffalo Bag Co. v. Joachim, 704 S.W.2d 482, 483 (Tex.
App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). At the conclusion of the rather disjointed
and poorly articulated proceeding, the trial court indicated it would make a docket entry and
further stated that, "I would assume that once everything has completed, that I'll get some
sort of dismissal or - -" Counsel responded (interrupted): "A motion for a Nonsuit or
something." Opposing Counsel agreed: "Absolutely." The court replied: "Nonsuit or
whatever, okay. Thank you." Thus, no rendition of judgment was made, nor was any
written memorandum filed with the clerk.

 While the parties themselves filed a partial settlement memorandum the day after
the June 3, 2004 hearing, the memorandum neither provided for execution of a deed nor
is any mention made of specific performance as contained in the judgment. The written
memo conflicts with the $4,700 payment described by the court in the hearing. Further,
the gist of the hearing indicates that the matter would be concluded within thirty days. 
Presumably, appellee would complete his payments, and appellant would have provided
appellee with some kind of deed, special, warranty, or otherwise. According to testimony
at the hearing, counsel asked appellant: "[t]hat he pay and then you give him a deed?"
Appellant replied: "I understand that, sir." The trial court itself indicated that there were
further matters to accomplish within thirty days: "[T]he lawyers told me thirty days, that
doesn't mean you can do it tomorrow, but within thirty days. . . ." 

 At least two matters were not mentioned at the hearing. First, there was no
agreement for court-ordered specific performance. Second, there was no agreement that
any "judgment" would be entered; the agreement was for a nonsuit or order of dismissal. 
Because there was no agreement as to these two essentials of the judgment, either in
writing or made in open court and entered of record, neither matter is enforceable as a
matter of law. Knapp Med. Ctr. v. De La Garza, 238 S.W.3d 767, 768-69 (Tex. 2007).

 We also note that neither counsel signed off on the so-called agreed judgment. The
judgment did not evince the approval of counsel either as to substance or as to form--the
usual and customary practice for agreed judgments. 


V. Conclusion

 Because consent to a settlement or judgment, if any, was withdrawn, there was no
legal or factual basis for entry of the agreed judgment. Samples, 640 S.W.2d at 875. The
parties' agreement, if any, did not comply with rule 11 and was not enforceable. Kennedy,
682 S.W.2d at 529; Knapp Med. Ctr., 238 S.W.3d at 768-69. We sustain appellant's first,
second, and third issues. We decline to entertain appellant's final issue involving her no-evidence motion for summary judgment addressing the issue of the property description,
because it has not been heard by the trial court. See Tex. R. App. P. 47.1. We reverse
and remand. 


 DON WITTIG,

 Justice



 

Memorandum Opinion delivered and

filed this the 29th day of August, 2008.


1. Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to the government code. Tex. Gov't Code Ann. § 74.003 (Vernon 2005).