

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00697-CV

Luz **CHAVEZ**, Individually and as the Representative of the Estates of Rudolph Chavez, Sr. and
Rudolph Chavez, Jr. and as Next Friend of Joel Chavez, a Minor,
Appellants

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY** and Jose Juarez,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2007-CVE-000347-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  February 13, 2013

REVERSED AND REMANDED

This is an appeal from a final judgment in a wrongful death action. The appellant, Luz

Chavez, argues the trial court erred in enforcing a settlement agreement and in rendering

judgment based on the settlement agreement. We reverse and remand to the trial court for further

proceedings consistent with this opinion.

## BACKGROUND

Chavez's husband and son died when a motor vehicle and a train collided at a railroad crossing in Aguilares, Texas. Chavez's husband, Rudolph Chavez Sr., was the driver of the vehicle, and her adult son, Rudolph Chavez Jr., was a passenger in the vehicle. The train was owned by Kansas City Southern Railway Company. Jose Juarez was the engineer driving the train at the time of the accident.

Chavez and other family members, hereinafter referred to as "the plaintiffs," filed a wrongful death action against Kansas City Southern Railway Company and Juarez, hereinafter referred to as "the defendants." Chavez filed the action in her individual capacity, as next friend of Rudolph Chavez Sr.'s minor son, Joel, and as the representative of the estates of Rudolph Chavez Sr. and Rudolph Chavez Jr. Rudolph Chavez Sr.'s mother and father and his two adult children, Darlene and Allen, were also plaintiffs in the action. All of the plaintiffs were represented by multiple attorneys affiliated with the same law firm, Rosenthal & Watson, P.C.

The case was tried to a jury. The jury returned a verdict in favor of the defendants, and the trial court signed a judgment in accordance with the verdict. The judgment was set aside, however, when the trial court granted the plaintiffs' motion for new trial.

Thereafter, the plaintiffs' counsel and the defendants' counsel entered into negotiations and reached a settlement agreement. The settlement agreement was set out in emails as well as in an October 5, 2010, letter from the plaintiffs' counsel to the defendants' counsel. The trial court appointed a guardian ad litem for Joel, who was a minor, and set a hearing to approve the settlement agreement on behalf of the child. At the hearing, which occurred on April 7, 2011, Chavez appeared and stated:

> At this time, I wish not to go forward. I would like you to grant me at least three months to find me another law firm. And I wish for them to be able to get all the documents that we need with the new lawyers that I'm—I want to get within

the three months. I would like you to grant me that. I no longer want to continue
with Rosenthal & Watson. I do not feel comfortable with them at all.

In response to Chavez's request, the trial court reset the hearing for May 31, 2011. Nothing was filed indicating that the attorney-client relationship between Chavez and Rosenthal & Watson had been dissolved.

On April 27, 2011, the defendants filed a motion to enforce the settlement agreement. The motion states that in September and October 2010 the plaintiffs' and the defendants' counsel negotiated a settlement agreement, the essential terms of which were set forth in emails and an October 5, 2010, letter written by plaintiffs' counsel to defendants' counsel. The trial court set the motion to enforce the settlement for hearing on May 31, 2011. The defendants' counsel served the motion to enforce the settlement agreement on plaintiffs' counsel, who remained Chavez's counsel of record.

The trial court held a hearing on May 31, 2011. Chavez failed to appear at this hearing. Plaintiffs' counsel and defendants' counsel appeared at this hearing. Defendants' counsel urged the trial court to enforce the settlement agreement. Plaintiffs' counsel confirmed that they had entered into a written settlement agreement with the defendants in October 2010, and that they had done so with Chavez's consent. At the conclusion of the hearing, the trial court stated it was granting the defendants' motion to enforce the settlement agreement. Subsequently, however, and apparently in response to correspondence from Chavez, the trial court set the motion to enforce the settlement agreement for rehearing on June 23, 2011. The trial court clerk notified Chavez and all counsel of record of the June 23, 2011, hearing.

Chavez failed to appear at the June 23, 2011, hearing. Plaintiffs' counsel and defendants' counsel appeared at the hearing. At the hearing, the trial court stated,

> [T]his hearing was set for the benefit of Ms. Chavez so that, you know, if she was
> going to hire a new firm or if she wanted to make any additional statements to the

> Court or present any additional arguments to the Court, this was her opportunity for that. And so, at this time, the Court is going to sign off on the order granting the motion to enforce settlement agreement, and it will be pronounced and rendered today, June 23, 2011.

At the conclusion of the hearing, the trial court signed the defendants' motion to enforce the settlement agreement, and rendered a final judgment that the plaintiffs recover $531,000.00 from Kansas City Southern Railway Company.

Thereafter, Chavez filed a pro se motion for new trial, which was overruled by operation of law. Chavez then filed a pro se notice of appeal.

## DISCUSSION

On appeal, Chavez argues, among other things, that the trial court erred in granting the motion to enforce the settlement agreement and in rendering judgment on the written settlement agreement because the written settlement agreement was not filed as required by Rule 11 of the Texas Rule of Civil Procedure. Rule 11 states that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. The Texas Supreme Court has stated: "Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits." *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984). The rule is an effective tool for finalizing settlements by objective manifestation so that the agreements themselves do not become sources of controversy. *Knapp Medical Ctr. v. De La Garza*, 238 S.W.3d 767, 768 (Tex. 2007). "[S]ettlement agreements 'must comply with Rule 11 to be enforceable.'" *Id*. (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995)).

Here, it is undisputed that the settlement agreement was in writing and signed by the plaintiffs' counsel. The record reflects that at the May 31, 2011, hearing on the motion to enforce

the settlement agreement, the defendants' counsel handed the trial court a copy of an October 5, 2010, letter. The October 5, 2010, letter apparently set out the terms of the settlement agreement. The defendants, however, never filed the October 5, 2010, letter "with the papers as part of the record" as required by Rule 11. *See* TEX. R. CIV. P. 11. Further, the settlement agreement was not "made in open court and entered of record" as required by Rule 11.

The defendants contend they satisfied Rule 11's requirement because the defendants' counsel presented the trial court with a judgment reflecting the settlement agreement, and Chavez's counsel of record joined in the request that the trial court sign this judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979) ("[R]ule 11 is satisfied if the oral waiver or agreement made in open court is described in the judgment."). We disagree with the defendants' contention. The record shows that Chavez's counsel of record, Lynn Watson, appeared at both hearings.[1] At the first hearing, held on May 31, 2011, Watson stated it was clear to her that she had been discharged by Chavez and she no longer represented Chavez. Watson also stated she was not taking a position "one way or the other" on the motion to enforce the settlement agreement because she no longer represented Chavez. Watson indicated Chavez had not told her who would be substituting as counsel, and therefore, Watson had not yet filed a motion to withdraw or to substitute counsel. Additionally, at the second hearing, held on June 23, 2011, Watson reiterated that her firm's services had been terminated by Chavez. And, although Watson also represented to the trial court that Chavez had consented to the settlement on September 28, 2010, Watson nevertheless took no position on the motion to enforce the settlement agreement. Thus, although Watson had not withdrawn as counsel of record, it is clear from the record that she was no longer authorized by Chavez to act on Chavez's behalf at the hearings on the motion to enforce the settlement agreement. Thus, Watson's actions at the

---

[1]At the second hearing, Watson appeared by telephone.

hearing did not satisfy the requirements of Rule 11 because it was apparent to all concerned that Watson was no longer authorized to act on Chavez's behalf.

Although the record indicates that the October 5, 2010, letter was before the trial court at the May 31, 2011, hearing, the letter is nowhere in the record. The defendants simply failed to file the letter in accordance with the plain requirements of Rule 11. *See* TEX. R. CIV. P. 11. Because the requirements of rule 11 were not satisfied, we are constrained to hold that the trial court erred in rendering judgment on the settlement agreement. *See Knapp*, 238 S.W.3d at 768 (holding an alleged settlement agreement was not enforceable when it was neither in writing, nor made in open court and entered of record).

We need not address Chavez's remaining arguments because they are unnecessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

The trial court's judgment is reversed. This case is remanded to the trial court for proceedings consistent with this opinion.

Karen Angelini, Justice