### E. L. DUNLAP v. BROOKS & CASE.

#### (No. 2381.)

APPEAL from Victoria County. Opinion by WHITE, P. J.

STAYTON, KLEBERG & DABNEY and JOE L. HILL and W. L. DAVIDSON, counsel for appellant.

GLASS & CALLENDER, counsel for appellees.

§ **357.** *Amendment of petition; new cause of action; payment of costs; limitation; case stated.* This is a suit by appellees against appellant upon account, in which suit judgment was rendered in favor of the plaintiffs for $115.85 and costs. Prior to the trial appellees, by leave of the court, amended their original petition by adding thereto a new count, appellant consenting that the amendment might be made in that form instead of substituting the original petition. Appellant excepted generally and specially to the amended petition, which exceptions were sustained. *Held:* The amendment did not set out a new cause of action, but was simply an additional pleading setting out the cause of action in a different manner. It merely added another count to the original petition. The facts alleged as the basis of recovery are substantially the same in the original and amended petitions, and the appellant's exception that the cause of action set up in the amendment was barred by limitation was not well taken. [Lee v. Boutwell, 44 Tex. 151; 1 App. C. C. §§ 693, 702, 1055.] The statute of limitation only operates as a bar when it is sought under the name of an amendment to present a new suit. [1 App. C. C. § 610; Thouvenin v. Lea, 26 Tex. 613.] An amendment may set up a new cause of action, provided the adverse party is not prejudiced thereby; but in such case the party amending should be adjudged to pay all the costs that accrued in the suit up to the filing of the amendment, and such payment of costs should be made a condition precedent to entertaining the amendment. But the setting up of a new cause of action does not subject the amendment to an exception upon the ground that the costs had not been paid. It merely charges the party amending with the previous costs, and lets in any defense which could have been pleaded had the suit been commenced at the date of filing the amendment. [Ross v. Kornrumpf, 64 Tex. 390; Williams v. Randa, 10 Tex. 74; Henderson v. Kissam, 8 Tex. 46; 1 App. C. C. § 702.]

It was error to sustain the exceptions to the amended petition.

§ 358. *Trial by jury; right to.* At the July term, 1886, of the trial court, appellant, the defendant, waived a trial by jury, and a trial of the cause by the judge resulted in a judgment against him, from which he appealed to this court, and this court reversed the judgment and remanded the cause. In the trial court, at the April term, 1887, he demanded a jury and paid the jury fee, and the cause was continued. At the July term, 1887, the cause coming on for trial, he demanded a trial by jury, which demand the court refused upon the ground that he had waived a jury on the first trial of the cause. *Held* error to refuse the trial by jury. The statute provides that "any party to a civil suit in the district or county court desiring to have the same tried by a jury shall make application therefor in open court on the first day of the term of court at which the suit is tried," etc. [R. S. art. 3061.] Such application was made by appellant, and the jury fee had been paid by him at a previous term. The effect of the reversal by this court of the first judgment was to remand the cause for trial as though no previous trial had been had. "If at a preceding term of the court a jury has been waived or demanded, that fact should not control the right, in the discretion of the party, to demand at a succeeding term a trial by jury which had before been waived, or to waive such trial which had before been demanded." [Brown v. Cheneworth, 51 Tex. 460; Dean v. Sweeny, id. 242.]

§ 359. *Conclusions of fact and law; failure of judge to file; demand for, must be made.* When a judge fails to state his conclusions of fact and law upon proper and timely demand therefor, and such failure is presented by proper bill of exception, and there is not a full statement of facts in the record, and it is not apparent that such failure was without injury to the complaining party, the judgment will be reversed and the cause remanded for another trial. [Callaghan v. Grant, 66 Tex. 239; 2 App.

C. C. §§ 224, 775, 812.] Application for such statement should be made promptly, and the attention of the court duly called thereto. [Nat. Bank v. Stout, 61 Tex. 571.]

Reversed and remanded.