

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00257-CV

———————————————

IN RE HULCHER SERVICES, INC., Relator

---

Original Proceeding
Trial Court No. 236-228956-08

---

Before Sudderth, C.J.; Meier and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

In this original proceeding, we must decide whether the trial court abused its discretion by striking Hulcher Services, Inc.'s jury demand for a third trial on attorney's fees when—before the second trial on liability, damages, and attorney's fees—Hulcher agreed on the record to submit the issue of attorney's fees to the trial judge. *See* Tex. R. Civ. P. 11; *Baker v. Hertel*, No. 11-13-00152-CV, 2015 WL 1469527, at *2 (Tex. App.—Eastland Mar. 26, 2015, no pet.) (mem. op.). Hulcher contends that it is entitled to a jury for the third attorney's fees trial based on cases holding that a party's jury waiver does not survive a remand after appeal. But Emmert claims that the parties' rule 11 agreement made before the second trial precludes Hulcher from demanding a jury in this third trial on attorney's fees. Because our judgment and mandate in the second trial remanded the issue of attorney's fees for a new trial without limitation—and the parties' rule 11 agreement in the second trial did not unambiguously indicate an intent that it apply to future trials on the same issue—we grant mandamus relief.

## Background

This court gave a detailed account of the background of this dispute in *Hulcher Services, Inc. v. Emmert Industrial Corp.*, No. 02-14-00110-CV, 2016 WL 368180, at *1–5 (Tex. App.—Fort Worth Jan. 28, 2016, pet. denied) (mem. op.). Consequently, we will set forth only the procedural facts applicable to the current dispute.

Emmert and Hulcher's first trial—at which the parties attempted to try all of the claims and issues to a jury, including attorney's fees—ended in a mistrial. At the pretrial conference for the second trial, Hulcher and Emmert agreed on the record to have a jury decide all of Emmert's liability and damages claims except for attorney's fees:

> [Emmert's counsel]: Judge, may we put some stuff on the record with you --
>
> THE COURT: All right.
>
> [Emmert's counsel]: -- and see if you'll approve it or not?
>
> . . . .
>
> [Emmert's counsel]: First, we're going to submit attorney fees to you, Judge, and not to the jury.
>
> [Hulcher's counsel]: That is agreed.
>
> THE COURT: Is that agreed? All right.

After the jury found in Emmert's favor and awarded damages, the trial judge incorporated the jury's awards into a final judgment along with his attorney's fees award. The trial court's final judgment stated, "The parties agreed to try the issue of attorney's fees to the Court after the jury trial."

Hulcher appealed. This court modified the damages awards in the judgment, reversed the attorney's fees award because of that modification, and remanded "the issue of attorney's fees for a new trial." *Id.* at * 26.

3

Back in the trial court, Hulcher filed a jury demand and paid the jury fee. When Emmert objected and moved to strike the jury demand, a visiting trial judge granted Emmert relief and ordered that the attorney's fees issue be tried to the bench.

Hulcher then filed this petition for writ of mandamus, arguing that its rule 11 jury waiver before the second trial does not preclude it from exercising its constitutional right to have the attorney's fees issue tried to a jury in the third trial. We agree.

**Rule 11 Jury Waiver Does Not Control in Third Trial on Attorney's Fees**

Although the Texas constitution guarantees the right to a trial by jury, Tex. Const. art. I, §§ 10, 15, that right is not absolute in civil cases, *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 438 (Tex. App.—Austin 2004, pets. denied). In civil cases, a party can procedurally waive the right to a jury trial by failing to timely make a jury demand or by failing to pay the jury fee. Tex. R. Civ. P. 216; *In re Wells Fargo Bank Minn. N.A.*, 115 S.W.3d 600, 606–07 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]). Parties can also waive the right by agreement. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 129–33 (Tex. 2004).

**Procedural Jury-waiver Agreements Generally Apply to Single Trial**

Whether Hulcher may now demand a jury trial on attorney's fees is a question of law. The long-standing majority rule is that when an appellate court remands all or part of a case without limitation, a party who waived a jury before the original trial may nevertheless demand a jury on the remanded issue or issues. *See Dunlap v. Brooks*,

3 Willson 425, 427 (Tex. Ct. App. 1888) (holding that whether a party waived or demanded a jury in a first trial does not control the party's right to waive or demand a jury after remand because the effect of an appellate court's reversal of a trial court judgment is to "remand the cause for trial as though no previous trial had been had"); *In re Baker*, 495 S.W.3d 393, 396 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re Lesikar*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *In re Marriage of Stein*, 190 S.W.3d 73, 74–75 (Tex. App.—Amarillo 2005, orig. proceeding); *Gordon v. Gordon*, 704 S.W.2d 490, 492 (Tex. App.—Corpus Christi 1986, writ dism'd); *Harding v. Harding*, 485 S.W.2d 297, 299 (Tex. Civ. App.—San Antonio 1972, no writ); *see also F.M. Davies v. Porter*, 248 F. 397, 398 (8th Cir. 1918) (holding that written stipulation waiving jury in first trial did not affect right of either party to demand a jury on remand); *Burnham v. N. Chicago St. Ry.*, 88 F. 627, 628–30 (7th Cir. 1898) (holding same and explaining that court could not presume that parties who stipulated in writing to waive jury trial anticipated a second trial at that time, especially considering that a second trial could be before a different judge or a judge who had already ruled against one of them); *Osgood v. Skinner*, 57 N.E. 1041, 1043 (Ill. 1900) ("The agreement to waive a jury only binds the parties to that mode of trial for one trial. . . ."); *Nedrow v. Michigan-Wisconsin Pipe Line Co.*, 70 N.W.2d 843, 844–45 (Iowa 1955) (stating general rule and reversing trial court's interlocutory ruling denying jury trial on remand when parties had agreed to waive jury at first trial); *Cochran v. Stewart*, 68 N.W. 972, 973 (Minn. 1896) (holding that because conditions at a

second trial might be "wholly different" from those at the first, "[i]t is hardly fair to presume that by waiving a jury for one trial the parties intended to waive a jury for any further trial that may be had"); *Benbow v. Robbins*, 72 N.C. 422, 423 (1875) (holding that trial judge erred by denying jury trial on remand to parties who had agreed to waive jury in first trial); *Worthington v. Nashville, C. & St. Louis Ry.*, 86 S.W. 307, 308–09 (Tenn. 1905) (reviewing cases and adopting majority rule); *Spring v. Dep't of Labor & Indus.*, 695 P.2d 612, 614–15 (Wash. Ct. App. 1985) (adopting majority view and holding that trial court erred by refusing jury trial on first remand of case); *In re Dorraj J.J.*, 836 N.W.2d 860, 863–65 (Wis. Ct. App. 2013) (noting that appellee had not identified evidence indicating that appellant intended to waive a jury for future fact-finding hearings and holding that "absent an unambiguous declaration that a party intends to bind itself for future fact-finding hearings or trials, a jury waiver applies only to the fact-finding hearing or trial pending at the time it is made"); *cf. Brown v. Chenoworth*, 51 Tex. 469, 475 (1879) (reversing judgment because trial court improperly refused the defendants a jury trial when they had not demanded a jury trial at the trial court's prior term); *Dean v. Sweeney,* 51 Tex. 242, 243 (1879) ("[I]f, at a preceding term, a jury had been waived or demanded, this should not control the right in the discretion of a party to demand at a succeeding term a trial by jury which had before been waived, or to waive such trial which had before been demanded."); *Wilson v. Horsley*, 974 P.2d 316, 321–22 (Wash. 1999) (noting that "many states have determined that the waiver of a jury trial is not operative for the subsequent trial of the same

case" and holding that right to jury trial is revived after mistrial even if previously waived); *Tesky v. Tesky*, 327 N.W.2d 706, 708 (Wis. 1983) (holding that trial court erred by refusing jury demand after granting a new trial on a threshold liability issue in a bifurcated trial because "a party to a lawsuit is entitled as a matter of right to a jury trial on a question of fact if that issue is retried"). None of these cases distinguish between, or make an exception for, agreed waivers and waivers by failing to timely request a jury or pay the jury fee. *See, e.g.*, *F.M. Davies*, 248 F. at 398; *Burnham*, 88 F. at 628–30; *Osgood*, 57 N.E. at 1043; *Nedrow*, 70 N.W.2d at 844–45; *Baker*, 495 S.W.3d at 395; *Harding*, 485 S.W.2d at 299.[1]

When we remanded the issue of attorney's fees for a new trial, we did not rule upon or consider the parties' rule 11 agreement to try attorney's fees in the second trial to the court.[2] Instead, although our remand was limited to a single issue, the effect of reversal and remand was to leave the trial court judgment on that issue as though it had never been rendered and no trial on that issue had occurred. *See Dunlap*,

---

[1]These authorities apply to procedural rule 11 jury-waiver agreements made in the course of pending litigation and do not involve pre-existing contractual jury waivers bargained for in advance of litigation. *See, e.g.*, *In re Bank of Am.*, 278 S.W.3d 342, 346 (Tex. 2009); *In re Guggenheim Corp. Funding, LLC*, 380 S.W.3d 879, 884–90 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding [mand. dism'd]).

[2]For that reason, the scope or enforceability of the rule 11 agreement here is not the law of the case. *See Fleming v. Allstate Ins. Co.*, No. 03-09-00705-CV, 2010 WL 4137502, at *4 (Tex. App.—Austin Oct. 22, 2010, pet. denied) (mem. op.) (explaining that under the law of the case doctrine, "a court of appeals is normally bound by its initial decision on a question of law if there is a subsequent appeal in the same case").

3 Willson at 427; *Safeco Surety v. J.P. Sw. Concrete*, No. 01-12-00672-CV, 2013 WL 5820619, at *5 (Tex. App.—Houston [1st Dist.] Oct. 29, 2013, no pet.); *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 145 (Tex. App.—Dallas 2011, no pet.); *Seale v. Click*, 556 S.W.2d 95, 97 (Tex. App.—Eastland 1977, writ ref'd n.r.e.). Accordingly, the majority rule applies here unless the parties intended their jury-waiver agreement for attorney's fees to apply to any future trials of that issue.

**Scope of Rule 11 Agreement**

Rule 11 aims to remove misunderstandings and controversies that accompany verbal assurances; as reduced to writing, the agreements therefore "speak for themselves." *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007); *Birdwell v. Cox*, 18 Tex. 535, 537 (1857). The trial court has a ministerial duty to enforce a valid pretrial rule 11 agreement. *Fortis Benefits*, 234 S.W.3d at 651. We determine the scope of a rule 11 agreement by examining the words used, the surrounding circumstances from which the agreement arose, the state of and allegations in the pleadings, and the attitude of the parties with respect to the issues. *Lesikar v. EOG Res., Inc.*, 236 S.W.3d 457, 458–59 (Tex. App.—Amarillo 2007, no pet.). We must examine the entire agreement to determine the parties' intent. *Ezirike v. Anthony*, No. 01-05-00090-CV, 2007 WL 1441033, at *3 (Tex. App.—Houston [1st Dist.] May 17, 2007, no pet.) (mem. op.).

According to Hulcher, "This was a simple agreement at the previous trial to submit one issue to the court. The terms of that agreement were fulfilled when

8

Emmert's attorney's fee claim was tried to the court." We agree. The agreement stated on the record was to "submit attorney fees" to the trial judge, "not to the jury." Although these words indicate an intent to submit the issue of attorney's fees to the trial judge at that point in time, they do not contemplate the possibility of a future trial on attorney's fees, nor do they show an intent to bind the parties to try "the issue of" attorney's fees for all time to the bench. *Compare Burnham*, 88 F. at 628–30; *Nedrow*, 70 N.W.2d at 844; *Harding*, 485 S.W.2d at 298–99, *with In re Bank of Am.*, 278 S.W.3d at 343; *see also Dorraj*, 836 N.W.2d at 865; *State Farm Lloyds v. Gulley*, 399 S.W.3d 242, 246–47 (Tex. App.—San Antonio 2012, no pet.) (construing rule 11 agreement to apply solely to first attempted interlocutory appeal only); *Cox v. Cox*, 298 S.W.3d 726, 734 (Tex. App.—Austin 2009, no pet.) (construing rule 11 settlement agreement to apply solely to temporary orders and not final judgment). In addition to the plain language of the rule 11 agreement, the context of the second trial (as summarized by Hulcher) supports the same conclusion:

> Hulcher agreed to try the issue of attorney's fees to the trial court as part of a number of agreements made on the third day of trial. Given that Emmert was bringing a number of claims, some of which permitted attorney's fees and some of which did not, and of course no one knew which claims Emmert would prevail on, it would have been difficult to present the attorney fee evidence to the jury with various assumptions concerning segregation of fees.

That the rule 11 agreement was intended to apply only to the second trial is further supported by the fact that Hulcher did not waive a jury for attorney's fees in the first trial that ended in a mistrial.

9

We hold that the plain language of the rule 11 agreement waiving a jury on the issue of attorney's fees in the second trial does not unambiguously indicate that the parties intended to waive a jury for any future trials of the same issue. Thus, the trial court abused its discretion by striking Hulcher's jury demand and ordering the parties to try Hulcher's attorney's fees request to the bench on remand.

## No Adequate Remedy by Appeal

Because the trial court's order denies Hulcher its constitutional right to a jury trial—a loss which the supreme court has held is reviewable by mandamus, *In re Prudential*, 148 S.W.3d at 139—and because the proceedings in the trial court are now the third trial in this case, we hold that appeal is not an adequate remedy for Hulcher on this issue. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding)*; In re Rodriguez*, Nos. 13-16-00411-CV, 13-16-00416-CV, 2017 WL 395257, at *8–9 (Tex. App.—Corpus Christi Jan. 27, 2017, orig. proceeding) (op. on reh'g); *Lesikar*, 285 S.W.3d at 587; *see also In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 209–10 (Tex. 2009) (determining that protection of right to jury trial was an exceptional circumstance justifying mandamus relief when trial court granted new trial after jury verdict without explaining why).

## Conclusion

We conclude that the trial court abused its discretion by striking Hulcher's jury demand and that mandamus relief is appropriate. We therefore conditionally grant mandamus relief and order the trial court to vacate the July 27, 2018 order striking

Hulcher's jury demand and requiring that "the issue of attorney's fees be held to the court."

/s/ Wade Birdwell<br>
Wade Birdwell<br>
Justice

Delivered: October 11, 2018