

# NUMBER 13-24-00162-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE STATE FARM MUTUAL
## AUTOMOBILE INSURANCE COMPANY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION ON REHEARING

### Before Chief Justice Tijerina and Justices Silva and West
### Memorandum Opinion on Rehearing by Justice West

By memorandum opinion previously issued, the Court granted in part and denied in part a petition for writ of mandamus filed by relator State Farm Mutual Automobile Insurance Company (State Farm). *See In re State Farm Mut. Auto. Ins.*, No. 13-24-00162-CV, 2025 WL 630661, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 26, 2025, orig. proceeding) (mem. op.). State Farm subsequently filed a motion for en banc reconsideration of our decision. We construe this motion as requesting both rehearing and en banc reconsideration. *See* TEX. R. APP. P. 49.1, 49.5, 52.9; *Brookshire Bros., Inc.*

*v. Smith*, 176 S.W.3d 30, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (op. on reh'g). After due consideration of State Farm's arguments, we grant State Farm's motion for rehearing and dismiss as moot State Farm's motion for en banc reconsideration. We withdraw our previous memorandum opinion and issue this memorandum opinion in its stead.

State Farm contends that the trial court[1] abused its discretion by granting a new trial. In the underlying proceeding, real party in interest Tita G. Teran submitted liability and damage issues regarding her underinsured motorist claim against State Farm to a jury, which found in Teran's favor. The jury was discharged and Teran later filed a motion requesting that the trial court award her attorney's fees. State Farm opposed Teran's motion and argued that she had waived the recovery of attorney's fees because she did not submit that issue to the jury. In short, Teran and State Farm disagreed regarding the content and effect of an agreement regarding bifurcation of the case and whether Teran's claim for attorney's fees would be submitted to the jury or the bench. *See* TEX. R. CIV. P. 11. The trial court concluded that "[t]he only way to fairly address the concerns of both sides is for a new jury to hear the case." We conditionally grant the petition for writ of mandamus.

## I.     BACKGROUND

Teran filed suit against State Farm for declaratory relief regarding the parties' rights and obligations under her automobile insurance policy. Teran alleged that she was

---

[1] This original proceeding arises from trial court cause number 2020-DCL-01830 in the 197th District Court of Cameron County, Texas; however, the respondent who issued the challenged order is the Honorable Ricardo M. Adobbati. *See* TEX. R. APP. P. 52.2.

2

involved in a motor vehicle accident with Olivia Lara Galvan, that Galvan was at fault and was underinsured, and that Teran suffered personal injuries and other damages from the collision. Teran thus sought declarations that under her insurance policy, she was a "covered person," Galvan was an "underinsured motorist," the collision was an "accident," and State Farm was "obligated to pay the full amount" of her underinsured motorist coverage, plus attorney's fees and costs, because she was "legally entitled to recover this amount" from Galvan because of Galvan's negligence.

Teran settled her claims against Galvan for Galvan's policy limits of $30,000, and State Farm paid Teran $2,500 in personal injury protection benefits. Her claims against State Farm were set for a jury trial. Prior to the trial, State Farm filed "Judicial Admissions" in which it stipulated, among other things, that it was entitled to a credit for $32,500 and that:

> [T]he only provisions of the Policy with which [Teran] has not yet complied is: (1) she has not shown the specific amount of damages she is legally entitled to recover, if any, from [Galvan] as a result of the automobile accident on or about February 14, 2019, or (2) that [Galvan] was driving an "Uninsured Motor Vehicle" at the time of the accident, as that term is defined under "Uninsured/Underinsured Motorists Coverage" of policy number 171 9314-B19-53K.

In pretrial proceedings, the parties presented argument regarding the nature of the case and the extent to which testimony regarding insurance would be allowed. Teran's counsel contended that she should be allowed to argue that State Farm did not want to pay for her damages and that it was error to "mislead the jury about who the actual [defendant] in the case is." State Farm asserted, in contrast, that the trial court should exclude argument and evidence regarding the claims process and policy matters because the only relevant issues were whether Galvan was negligent and the amount of Teran's

3

damages, if any. State Farm supported its argument by reference to the process in which underinsured motorist cases are severed or bifurcated such that an initial proceeding establishes the liability and underinsured status of the motorist, and a second proceeding addresses contractual and extracontractual claims. *See, e.g.*, *In re State Farm Mut. Auto. Ins.*, 629 S.W.3d 866, 870 (Tex. 2021) (orig. proceeding) (concluding that bifurcation rather than severance was the appropriate remedy where the plaintiff sought only extracontractual claims); *see also In re Allstate Fire & Cas. Ins.*, No. 03-21-00515-CV, 2022 WL 120263, at *3 (Tex. App.—Austin Jan. 12, 2022, orig. proceeding) (mem. op.) (distinguishing *State Farm* and holding that "[s]everance and abatement is appropriate when . . . an insured seeks a determination as to entitlement to [underinsured motorist] benefits and also brings extracontractual claims against the insured"). State Farm's counsel discussed his experience trying other underinsured motorist cases, and stated that:

> [W]hen we have had these trials, the issue for the jury to consider and the only things that the jury is going to get back in the jury charge are the negligence questions and then the damages questions, your Honor.
>
> *Now I know this is different because we have a [declaratory relief] action. [Teran's counsel] and I talked about having a bifurcated second part about the [attorney's] fees that have recently come up. But in terms of what the jury is going to see and hear evidence of is going to be negligence and injuries, if any, stemming from the accident.*

(Emphasis added). Teran's counsel ultimately agreed that she would not be discussing insurance claim violations at trial but instead intended to show that State Farm denied that Galvan was negligent, Teran suffered severe injuries, and that Teran's medical bills were reasonable.

4

The case was submitted to a jury, which found that Galvan was negligent, Teran was not, and Teran should be awarded $33,369 for her injuries. The charge submitted to the jury did not include a question about attorney's fees. Following trial, the jury was discharged without objection.

After trial, Teran filed a "Motion for Award of Attorney's Fees and For Evidentiary Hearing." She requested the trial court to award her attorney's fees in connection with her lawsuit under § 37.009 of the Texas Civil Practice and Remedies Code, and she requested the trial court to hold a hearing to determine the amount of attorney's fees, if any, to be awarded. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."); *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 825–26 (Tex. 2024). State Farm filed a verified "Response to Plaintiff's Motion for Award of Attorney's Fees and for Evidentiary Hearing" asserting that it owed Teran only $869 after its credits were applied and that Teran had rejected its offer to settle her claims for $7,500. State Farm thus argued that it was effectively "the prevailing party," and an award of attorney's fees would be neither equitable nor just. State Farm further asserted that "[w]hile the parties agreed to bifurcate the issue, the jury was discharged before they could consider the reasonableness of fees"; thus, Teran waived her request for attorney's fees because the jury was the only appropriate factfinder for the amount of fees to be awarded.

On November 8, 2022, the trial court granted a new trial in the case without stating its reasons for doing so. State Farm assailed this order by filing a petition for writ of mandamus in this Court. We concluded that the new trial order was facially invalid,

5

conditionally granted the petition for writ of mandamus, and directed the trial court to vacate its new trial order and conduct further proceedings consistent with our opinion. *See In re State Farm Mut. Auto. Ins.*, No. 13-22-00589-CV, 2023 WL 418699, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 26, 2023, orig. proceeding) (mem. op.).

State Farm thereafter filed a "Motion for Entry of Judgment" requesting the trial court to enter judgment on the jury's verdict. In response, Teran filed a "Motion for Mistrial." Teran alleged that the parties entered a valid Rule 11 agreement when State Farm's counsel represented that: "[Teran's counsel] and I talked about having a bifurcated second part about the attorneys' fees that have recently come up. But in terms of what the jury is going to see and hear evidence of is going to be negligence and injuries, if any, stemming from the accident." Teran's counsel "agreed to this statement because it leaves attorneys' fees to be tried to the Court." In view of the disagreement regarding the meaning of this statement, Teran thus asserted that the trial court should "declare a mistrial and order a new trial."

State Farm thereafter filed a "Response to Plaintiff's Motion for Mistrial/New Trial" arguing that Teran lost at trial and waived her request for attorney's fees. State Farm argued that while it had agreed to bifurcate Teran's claim for attorney's fees, it never agreed to try the attorney's fee claim to the court rather than the jury.

On January 10, 2024, the trial court granted Teran's motion. The trial court's order granting a new trial states that "justice requires a new trial based on the following facts and circumstances." The order further provides:

i) Prior to trial, the following Rule 11 Agreement was entered into the record "and the only things that the jury is going to get back in the jury charge are the negligence questions and then the damages questions, your Honor.";

ii) The agreement led [Teran's] counsel to believe that the issue of attorneys' fees would be tried to the bench;

iii) [State Farm's] counsel disagrees that his words spoken into the record reflect that agreement;

iv) The jury was released after rendering its verdict;

v) [State Farm's] counsel insists that the jury demand regarding attorneys' fees was not withdrawn;

vi) [Teran's] counsel insists that it was; and

vii) The only way to fairly address the concerns of both sides is for a new jury to hear the case.

This original proceeding ensued. In three issues, State Farm asserts that: (1) there is no legally appropriate reason for the trial court to have granted a new trial; (2) the reasons articulated by the trial court in the new trial order are not valid or correct or supported by the underlying record; and (3) the trial court failed to fulfill a ministerial duty to enter judgment for State Farm where no irreconcilable conflict existed in the jury's findings. We requested and received a response to the petition for writ of mandamus from Teran and received a reply thereto from State Farm.

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial

7

court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The supreme court has recognized that there is no adequate remedy by appeal when the trial court abuses its discretion by granting a new trial. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209–10 (Tex. 2009) (orig. proceeding). Thus, the relevant question in such original proceedings is whether the order granting a new trial was an abuse of discretion. *See In re Bent*, 487 S.W.3d 170, 177–78 (Tex. 2016) (orig. proceeding).

### III.    NEW TRIALS

Trial courts possess "considerable authority to grant new trials" and have the duty "to do so when they observe problems that threaten the integrity of the process and, therefore, the reliability of [a jury's] verdict." *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 302 (Tex. 2023) (orig. proceeding). However, because "disregarding a jury's verdict is an unusually serious act that imperils a constitutional value of immense importance—the authority of a jury," the trial court may only do so "when clearly supported by sound reasons." *Id.* We thus review both the facial validity of an order granting a new trial and its underlying merits. *Id.*; *see In re Davenport*, 522 S.W.3d 452, 456–56 (Tex. 2017) (orig. proceeding); *In re Bent*, 487 S.W.3d at 172–73, 175–178; *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 687–89 (Tex. 2012) (orig. proceeding); *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 210–13.

### IV.    MISTRIALS AND NEW TRIALS

In its first issue, State Farm contends that there was no legally appropriate reason

for the trial court to grant a mistrial. It asserts both that the trial court's "ultimate reasons" for granting the mistrial—justice and fairness—are invalid reasons for a mistrial and that mistrial is only available to address extreme circumstances involving highly prejudicial and incurable errors."

## A. Justice and Fairness

State Farm contends that "the ultimate reason for the trial court's ruling is that '*justice* requires a new trial' because the 'only way to *fairly* address the concerns of both sides [on the attorney's fees issue] is for a new jury to hear the case." It argues that justice and fairness are facially insufficient reasons to support a new trial order.

The supreme court has described its rationale for requiring the trial court to explain its specific reasons for granting a new trial as follows:

> [A] vague explanation in setting aside a jury verdict does not enhance respect for the judiciary or the rule of law, detracts from transparency we strive to achieve in our legal system, and does not sufficiently respect the reasonable expectations of parties and the public when a lawsuit is tried to a jury. Parties and the public generally expect that a trial followed by a jury verdict will close the trial process. Those expectations may be overly optimistic, practically speaking, but the parties and public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried.

*In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 213. Thus, in terms of facial validity, a new trial order must provide "a cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted," and the "stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate . . . and (2) is specific enough to indicate that the trial court . . . derived the articulated reasons from the particular facts and circumstances of the case at hand." *In*

9

*re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. The supreme court has held that granting a new trial "in the interests of justice and fairness" is not a sufficiently specific reason to grant a new trial, and such a rationale renders the new trial order facially invalid. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 206, 213; *see In re United Scaffolding, Inc.*, 377 S.W.3d at 689–90 (concluding that a new trial order's four articulated reasons for granting a new trial, including the impermissible reason "in the interest of justice and fairness," linked together by the connector "and/or" was facially invalid).

We construe orders, such as the new trial order at issue here, using the same rules of construction as those we apply to other written instruments. *In re Marquart*, 675 S.W.3d 57, 62 (Tex. App.—San Antonio 2023, pet. denied); *In re Mittelsted*, 651 S.W.3d 630, 635 (Tex. App.—Houston [14th Dist.] 2022, orig. proceeding); *Aubrey v. Aubrey*, 523 S.W.3d 299, 316 (Tex. App.—Dallas 2017, no pet.). We interpret orders according to the plain meaning of their terms. *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 627 (Tex. 2011) (per curiam); *Kim v. Ramos*, 632 S.W.3d 258, 269 (Tex. App.—Houston [1st Dist.] 2021, no pet.). We construe an order in its entirety, and if possible, we construe it in a way that gives each provision meaning. *Kourosh Hemyari*, 355 S.W.3d at 626; *In re Mittelsted*, 651 S.W.3d at 635.

Construing the new trial order as a whole, and giving each provision meaning, we conclude that the order sufficiently, and in detail, explained the court's specific reasons for granting a new trial. In short, we do not read the terms "justice" and "fairly" in isolation, but we examine them in the context of the court's specific conclusions that, *inter alia*, the parties entered into a Rule 11 agreement regarding the trial, but they disagreed regarding

10

whether the issue of attorney's fees would be tried to the bench or a jury. *See Kourosh Hemyari*, 355 S.W.3d at 626; *In re Mittelsted*, 651 S.W.3d at 635. These findings are neither generic nor conclusory and they are based on the specific facts and circumstances at issue in the case. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. Thus, we reject State Farm's contention otherwise.

## B. Mistrial

State Farm asserts that mistrial is only appropriate in extreme circumstances for a narrow class of highly prejudicial and incurable errors, and the record here shows no such errors occurred. State Farm's argument is premised on the doctrine that a mistrial should only be granted only in "extreme circumstances" where prejudice is "incurable." *In re Commitment of Ivie*, 687 S.W.3d 526, 532 (Tex. App.—Eastland 2024, no pet.) (quoting *In re E.O.E.*, 508 S.W.3d 613, 624 (Tex. App.—El Paso 2016, no pet.)); *see Givens v. Anderson Columbia Co.*, 608 S.W.3d 65, 71 (Tex. App.—San Antonio 2020, pet. denied).

Here, the trial court's order granted Teran's motion for mistrial and ordered a "new trial."[2] We note that an order granting a mistrial and an order granting a new trial are not precisely the same:

> There is . . . a marked difference between a court granting a motion for a new trial and declaring a mistrial . . . . The former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted. The latter results where, before a trial is completed and judgment rendered, the trial court concludes there is some error or irregularity that prevents a proper judgment being rendered, in

---

[2] We note that we look to the substance of a pleading or motion, not merely the form or title, to determine the relief sought. *See* TEX. R. CIV. P. 71; *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding). In the instant case, Teran filed a "Motion for Mistrial" requesting the trial court "to declare a mistrial and hold a new trial," and she asserted that her motion should be analyzed under the standards governing orders granting a new trial. Here, the substance of Teran's pleading made it clear that she sought a new trial. *See* TEX. R. CIV. P. 71; *In re J.Z.P.*, 484 S.W.3d at 925.

which event [it] may declare a mistrial.

*St. Louis Sw. Ry. Co. v. Duke*, 424 S.W.2d 896, 899 (Tex. 1967) (cleaned up) (quoting *Cortimeglia v. Herron*, 281 S.W. 305, 306 (Tex. App.—Waco 1925, writ ref'd)); *see Mo.-Kan.-Tex. R. Co. of Tex. v. Thomason*, 280 S.W. 325, 326 (Tex. App.—Austin 1926, writ ref'd). Nevertheless, as State Farm acknowledges, when a motion for mistrial is the functional equivalent of a motion for new trial, it is reviewed under the law applicable to new trial orders. *In re Hightower*, 580 S.W.3d 248, 253 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding [mand. denied]); *see also In re Mooney*, No. 14-20-00556-CV, 2021 WL 3576947, at *2 (Tex. App.—Houston [14th Dist.] Aug. 10, 2021, orig. proceeding [mand. denied]) (per curiam) (mem. op.). That is the case here. Accordingly, we reject State Farm's contention that Teran was required to show the case involved "extreme circumstances" and "incurable prejudice" to obtain a new trial.

## C.    Conclusion

We overrule State Farm's first issue.

## V.    MINISTERIAL DUTY

In its third issue, which we take out of order, State Farm also suggests that we apply a standard of review other than that established by the supreme court regarding new trial orders. State Farm asserts that the trial court had a "ministerial duty" to enter judgment for State Farm based on the jury's verdict because there was not an irreconcilable conflict in the jury's findings.

We agree that when there is no irreconcilable conflict in the jury's findings, the trial court has a ministerial duty to enter judgment on the verdict. *Traywick v. Goodrich*, 364 S.W.2d 190, 191 (Tex. 1963) (orig. proceeding); *In re Mesa Petroleum Partners, LP*, 538

12

S.W.3d 153, 156 (Tex. App.—El Paso 2017, orig. proceeding). However, that is not the only reason for which a trial court can grant a new trial, and otherwise, the trial court has "broad" and "significant" discretion to order a new trial. *In re Rudolph Auto., LLC*, 674 S.W.3d at 301. The trial court did not base its ruling here on any conflict in the jury's findings, and no one argues otherwise. Accordingly, we reject State Farm's contention in its third issue that the trial court failed to comply with a ministerial duty.

## VI. MERITS REVIEW

Finally, in its second issue, State Farm asserts that the reasons articulated by the trial court for granting a new trial "are not valid or correct or supported by the underlying record" because the parties did not enter an enforceable Rule 11 agreement. State Farm specifically contends that the purported agreement lacked essential terms, and the parties never had the requisite meeting of the minds to form an enforceable agreement. Consequently, State Farm asserts that Teran has waived her claim for attorney's fees. Teran disagrees with each of these arguments.

### A. Rule 11 Agreement

The trial court's order granting a new trial concluded that the parties had entered a Rule 11 agreement. Rule 11 states that "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching upon any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. "To be effective, a Rule 11 agreement must be 'complete within itself in every material detail' and 'contain[] all of the essential elements of the agreement.'" *Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Hum. Servs.*, 540 S.W.3d 553, 561 (Tex. 2018) (per curiam) (quoting *Padilla*

13

*v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) and *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978)). "The rule is an effective tool for finalizing settlements by objective manifestations so that the agreements themselves do not become the sources of controversy." *Kanan v. Plantation Homeowner's Ass'n*, 407 S.W.3d 320, 327 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.). "The purpose of Rule 11 is to ensure that agreements of counsel affecting the interests of their clients are not left to the fallibility of human recollection," or interpretation, "and that the agreements themselves do not become the sources of controversy." *Id.* The trial court has a ministerial duty to enforce a valid Rule 11 agreement. *Shamrock Psychiatric Clinic, P.A.*, 540 S.W.3d at 560; *In re Marriage of Comstock*, 639 S.W.3d 118, 129 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Tex. Tax Sols., LLC v. City of El Paso*, 593 S.W.3d 903, 912 (Tex. App.—El Paso 2019, no pet.).

We construe Rule 11 agreements under the same rules that we apply to construe contracts. *Shamrock Psychiatric Clinic, P.A.*, 540 S.W.3d at 560; *Transam. Corp v. Braes Woods Condo Ass'n*, 580 S.W.3d 733, 737 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Our primary objective in construing a contract is to ascertain and give effect to the parties' intent as expressed in the contract. *U.S. Polyco, Inc. v. Tex. Cent. Bus. Lines Corp.*, 681 S.W.3d 383, 387 (Tex. 2023) (per curiam). We determine the scope of a Rule 11 agreement by examining the words used, the surrounding circumstances, the allegations in the pleadings, and the attitude of the parties with respect to the issues. *In re Marriage of Comstock*, 639 S.W.3d at 129; *In re Hulcher Servs., Inc.*, 568 S.W.3d 188, 192 (Tex. App.—Fort Worth 2018, orig. proceeding); *Lesikar v. EOG Res., Inc.*, 236 S.W.3d 457, 458–59 (Tex. App.—Amarillo 2007, no pet.).

14

"The issue of whether a Rule 11 settlement agreement fails for lack of an essential term is generally a question of law to be determined by the court." *Kanan*, 407 S.W.3d at 330. "As long as the parties agree as to the essential or material terms of a contract, the agreement may leave other non-essential provisions open for future adjustment and agreement." *Id.*

B.     Analysis

As directed by the supreme court, we examine whether the trial court's conclusion that the parties had a Rule 11 agreement is a mistake of law or unsupported by the record. *In re Rudolph Auto., LLC*, 674 S.W.3d at 302. In this regard, the dispositive issue is whether the record contained the essential elements of the parties' agreement. *Padilla*, 907 S.W.2d at 460. We determine whether a term is essential or material considering the circumstances surrounding the agreement. *Amedisys v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 514 (Tex. 2014); *Jennings v. Jennings*, 625 S.W.3d 854, 862 (Tex. App.—San Antonio 2021, pet. denied). Essential terms are those that the parties would reasonably regard as vitally important elements of their bargain. *Boozer v. Fischer*, 674 S.W.3d 314, 324 (Tex. 2023); *Jennings*, 625 S.W.3d at 862; *Kanan*, 407 S.W.3d at 330. Whether a term is essential is a question of law and subject to de novo review. *Jennings*, 625 S.W.3d at 862; *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 142 (Tex. App.—Dallas 2012, no pet.).

The only evidence in the record before us regarding the agreement consists of the statements made in open court by State Farm's counsel. *See* Tex. R. Civ. P. 11. During arguments on State Farm's motion in limine, the parties were discussing the nature of the trial and the extent to which insurance might be addressed or mentioned in front of the

15

jury. State Farm's counsel asserted that: "[Teran's counsel] and I talked about having a bifurcated second part about the [attorney's] fees that have recently come up," "[b]ut in terms of what the jury is going to see and hear evidence of is going to be negligence and injuries, if any, stemming from the accident."

Here, the ambiguity of the agreement read into the record is the source of the parties' controversy, and the varying interpretations of the agreement are subject to the fallibility of human recollection. *See Kanan*, 407 S.W.3d at 327. While it appears that the parties agreed to have a bifurcated trial in which the first part of the trial addressed liability and damages and the second part concerned attorney's fees, the record does not include an agreement regarding whether attorney's fees would be submitted to the jury or to the bench. *See In re Marriage of Comstock*, 639 S.W.3d at 129; *In re Hulcher Servs., Inc.*, 568 S.W.3d at 192. Given the importance of the right to a jury trial, we conclude that this omitted term was essential or material. *See* TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *In re Rudolph Auto., LLC*, 674 S.W.3d at 299 (the right to a jury trial is a "fundamental constitutional premise"). Because the purported Rule 11 agreement failed to contain all essential terms and is reasonably subject to conflicting interpretations, we conclude that the agreement was ineffective. *See Shamrock Psychiatric Clinic, P.A.*, 540 S.W.3d at 561; *Padilla*, 907 S.W.2d at 460. Thus, the record fails to support the trial court's conclusion in the new trial order that the parties had reached a Rule 11 Agreement.

Teran argues that "even if the trial court erred when referring to the parties' agreement as a 'Rule 11 agreement,'" the trial court did not abuse its discretion by "concluding that State Farm's counsel's statements gave rise to a genuine

16

misunderstanding that 'prevented the jury from discharging its role,'" and that the trial court's "ruling *protected* State Farm's right to a jury trial." However, contrary to Teran's argument, we review the new trial order based on the reasons expressed therein. *See In re Rudolph Auto., LLC*, 674 S.W.3d at 302. And, even if we were to exclude that erroneous statement from our review and examine the remainder of the new trial order, we would be unable to conclude that a misunderstanding or mistake, without more, constituted a valid reason for granting a new trial. *Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *see also Rivera v. Henderson*, No. 01-21-00418-CV, 2022 WL 3722320, at *13 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.) (mem. op.).[3]

We sustain State Farm's second issue, in part, as to the validity of the trial court's rationale for granting a new trial.

## C.    Waiver

State Farm further contends that Teran waived her claim for attorney's fees because she did not produce evidence in support of her claim for attorney's fees, submit a question regarding attorney's fees to the jury in the charge, and did not object when the jury was discharged. State Farm relies on the contention that whether attorney's fees are reasonable and necessary are fact issues that must be submitted to a jury. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). In this regard, a party waives its right to recover attorney's fees when it fails to put on evidence of attorney's fees and fails to request the trial court to submit a question on attorney's fees to the jury. *Unique Staff Leasing, Ltd. v.*

---

[3] We note, in this regard, that the trial court did not make any findings or conclusions that the mistake or error was induced by State Farm. *See Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *see also Rivera v. Henderson*, No. 01-21-00418-CV, 2022 WL 3722320, at *13 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.) (mem. op.).

*Cates*, 500 S.W.3d 587, 600 (Tex. App.—Eastland 2016, pet. denied); *RDG P'Ship v. Long*, 350 S.W.3d 262, 277 (Tex. App.—San Antonio 2011, no pet.). In contrast, Teran asserts that the record fails to establish that she intentionally relinquished her right to recover attorney's fees and that State Farm failed to preserve its objection to such an award.

We have already determined that the parties did not enter a valid Rule 11 agreement regarding the bifurcation of trial. Accordingly, there was no agreement between the parties regarding the submission of attorney's fees to the bench. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 131 (discussing pretrial jury waivers in general); *In re Marriage of Comstock*, 639 S.W.3d at 129 (concluding that an agreed docket control order acted as a Rule 11 agreement waiving a jury trial); *In re Hulcher Servs., Inc.*, 568 S.W.3d at 190 (concluding that a Rule 11 agreement regarding the submission of attorney's fees to the bench rather than a jury did not encompass a future trial).

We agree with Teran that the record does not establish that she *intentionally* waived her right to attorney's fees; however, that is not the salient inquiry. The recovery of attorney's fees presents a question of fact; thus, Teran had the burden to submit her request for the recovery of her attorney's fees to the jury. *See* TEX. R. CIV. P. 276; *Boquet*, 972 S.W.2d at 21. Consequently, Teran waived her right to attorney's fees when she failed to provide evidence of attorney's fees and failed to request the trial court to submit a question on attorney's fees to the jury. *Allstate Fire & Cas. Ins. Co. v. Harper*, 706 S.W.3d 460, 466 (Tex. App.—Austin 2024, no pet.); *Unique Staff Leasing, Ltd.*, 500 S.W.3d at 600; *Fuqua v. Oncor Elec. Delivery Co.*, 315 S.W.3d 552, 560 (Tex. App.—Eastland 2010, pet. denied); *see also Mintz v. Julye Nesbitt Carew*, No. 05-16-00997-CV, 2018 WL

18

833371, at *3 (Tex. App.—Dallas Feb. 13, 2018, pet. denied) (mem. op.) (rejecting an argument that the claimants waived their right to attorney's fees by resting and closing without presenting evidence of attorney's fees when the trial court had advised the parties that attorney's fees would be determined by the court).

The record does not support Teran's argument that State Farm waived any error regarding the submission of attorney's fees to the bench. State Farm requested a jury trial in its pleadings, and after trial, vociferously objected to allowing the trial court to determine attorney's fees. State Farm's objection to Teran's request for attorney's fees preserved error. *See Allstate Fire & Cas. Ins.*, 706 S.W.3d at 464; *see also State Farm Mut. Auto. Ins. v. Nicastro*, No. 05-23-00362-CV, 2025 WL 399674, at *13 (Tex. App.—Dallas Feb. 5, 2025, pet. denied) (mem. op.) ("The record is at best ambiguous on the intentions of the parties, and it was Nicastro's burden to establish the agreement to submit attorney's fees to the bench. He failed to do so.").

In the absence of a valid Rule 11 agreement, we conclude that Teran waived her right to recover attorney's fees. We sustain the remainder of State Farm's second issue.

## VII. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Teran's response, and State Farm's reply, is of the opinion that State Farm has met its burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant the petition for writ of mandamus and we direct the trial court to vacate its order of January 2, 2024, and to proceed in accordance with this memorandum opinion. Our writ will issue

19

only if the trial court fails to act in accordance with this opinion.

JON WEST
Justice

Delivered and filed on the
6th day of November, 2025.